**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ROBERT E. BUFFAR,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-01203** |
| | ) | **Judge Aleta A. Trauger** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM</u>

Before the court is Robert Buffar's Amended Motion to Vacate, Set Aside, or Correct

Sentence in Accordance with 28 U.S.C. § 2255. (Doc. No. 3.) Buffar seeks to vacate the sentence

entered upon his 2005 criminal conviction in *United States v. Buffar*, No. 3:05-cr-00086 (M.D.

Tenn. Sept. 23, 2005) (Am. Judgment, Doc. No. 25),[1] under *Johnson v. United States*, 135 S. Ct.

2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act

("ACCA"), 18 U.S.C. § 924(e). (Doc. No. 1.) For the reasons set forth herein, the motion will be

denied.

## I.      PROCEDURAL BACKGROUND

In September 2005, Judge Todd Campbell (retired), accepted Buffar's guilty plea to the

charges in the Indictment of (1) being a previously convicted felon in possession of a firearm, in

violation of 18 U.S.C. §§ 922(g)(1) and 924, and (2) possession of a firearm with an altered or

obliterated serial number, in violation of 18 U.S.C. § 922(k). (Crim. Doc. Nos. 20, 21.) Based on

his having at least three prior violent felony convictions, Buffar was sentenced to the ACCA's

---

[1] References to the criminal case record will hereafter be designated as "Crim. Doc. No.
__."

mandatory minimum of 180 months on Count 1, to run concurrently with a 60-month sentence on Count 2. (Crim. Doc. No. 21.) There is no indication in the record that Buffar objected to sentencing under the ACCA. No appeal was filed.

The ACCA predicate felonies identified in the Presentence Report included Tennessee convictions for (1) aggravated assault (2000); (2) voluntary manslaughter (1991); and (3) assault with intent to commit murder with bodily injury (1986). Following the filing of Buffar's Motion to Vacate, the Probation Office issued a Supplement to the Presentence Report, in which it purported to agree with Buffar that, in light of *Johnson*, the Voluntary Manslaughter conviction no longer qualified as a predicate ACCA offense. However, the Supplement identified additional potentially qualifying convictions, including Tennessee assault with intent to commit first degree murder (1970) and two convictions for third degree burglary (1970). (*See* Doc. No. 4. at 2.)

Buffar filed his Motion to Vacate, through counsel, on June 7, 2016, citing *Johnson*. He filed an Amended Motion on June 16, 2016 and a Supplemental Brief on August 15, 2016 (Doc. Nos. 3, 4), arguing that none of his prior convictions qualifies as a predicate offense under the now-invalidated residual clause of the ACCA. (Doc. No. 1.) The government responded (Doc. No. 11), arguing that *Johnson* did not affect Buffar's sentencing under the ACCA, because at least three of the previous convictions qualify as crimes of violence under the ACCA's use-of-force clause. The movant, through counsel, filed a Reply. (Doc. No. 12.)

As set forth below, the court finds that Buffar's Tennessee convictions for (1) aggravated assault (2000), (2) voluntary manslaughter (1991), (3) assault with intent to commit first-degree murder (1970), and (4) assault with intent to commit murder with bodily injury (1986) all qualify as violent felonies under the ACCA.

## II.     LEGAL FRAMEWORK

### A.     28 U.S.C. § 2255

The movant brings this action under 28 U.S.C. § 2255. Section 2255 provides a statutory

mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a petitioner "'must demonstrate the

existence of an error of constitutional magnitude which had a substantial and injurious effect or

influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855,

858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A

motion under § 2255 is ordinarily subject to a one-year statute of limitations, running from the

date the underlying conviction became final. 28 U.S.C. § 2255.

### B.     The ACCA and *Johnson v. United States*

Buffar pleaded guilty to a violation of 18 U.S.C. § 922(g)(1), which makes it unlawful for

a previously convicted felon to possess any firearm or ammunition that has been transported in

interstate commerce. The ACCA, 18 U.S.C. § 924(e), mandates a minimum sentence of fifteen

years for any person convicted under § 922(g)(1) who has "three previous convictions . . . for a

violent felony or a serious drug offense." The predicate offenses at issue here clearly do not

constitute drug offenses. The question is whether they qualify as violent felonies.

Section 924(e)(2)(B) defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical

force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

The first prong of that definition, § 924(e)(2)(B)(i), is known as the "use-of-force" or "elements" clause. *Davis v. United States,* 900 F.3d 733, 735 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1374 (2019); *United States v. Patterson*, 853 F.3d 298, 302 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 273 (2017). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part is known as the "enumerated-offense clause"; the second part ("conduct that presents a serious potential risk of physical injury to another") is known as the "residual clause." *Id.*

In *Johnson*, the Supreme Court invalidated the residual clause as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2563. The Supreme Court subsequently recognized that *Johnson* had announced a new substantive rule that has retroactive effect in cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), thus authorizing this otherwise untimely § 2255 motion.

Despite invalidation of the residual clause, the other parts of the ACCA remain valid and enforceable. Thus, if a defendant was previously found to have the requisite number of predicate offenses under the ACCA, but the prior offenses were deemed to qualify only under the residual clause—or the court and the parties merely assumed that the offenses qualified without analyzing under which clause of the ACCA—courts faced with a *Johnson* motion are called upon to consider whether the underlying offenses qualify under the use-of-force or enumerated-offense clause instead. Although these provisions remain valid, the courts have continued to struggle with the definitions contained there as well.

Courts apply a "categorical approach" to determine whether a prior conviction qualifies as a "violent felony" under the use-of-force clause *See, e.g.*, *United States v. Mitchell*, 743 F.3d

1054, 1058 (6th Cir. 2014). That means that the courts "look only to the fact of conviction and the statutory definition of the prior offense and not the particular facts underlying that conviction." *Id.* (citing *James v. United State*s, 550 U.S. 192, 202 (2007)). "This approach avoid[s] the practical difficulties and potential unfairness of permitting a sentencing court to relitigate facts and delve into the details of a prior conviction." *Id.* (internal quotation marks and citation omitted). If the state law offense categorically requires "the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), it may serve as a predicate "violent felony." *See id.* at 1059.

The Supreme Court has also authorized the application of the so-called "modified categorical approach" under certain circumstances. *Descamps v. United States*, 570 U.S. 254, 257 (2013). This approach is triggered by "divisible statute[s]." *Id.* A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute that, for example, defines aggravated assault as either causing serious injury *or* causing injury with a weapon creates two distinct crimes with different elements. *See, e.g.*, *Davis v. United States*, 900 F.3d 733, 736 (6th Cir. 2018). The modified categorical approach allows courts to examine certain records ("for example, the indictment, jury instructions, or plea agreement and colloquy") to ascertain which offense the defendant committed. *Mathis*, 136 S. Ct. at 2249. Some statutes, however, will list only separate means (such as using "a 'knife, gun, bat, or similar weapon'") to commit a single crime ("use of a 'deadly weapon'"). *Id.* (citation omitted). This type of statute is deemed indivisible and requires courts to apply the categorical approach, by asking if the least forceful "means" of committing the crime falls within the use-of-force clause. *Id.* at 2251–57.

Specifically regarding that clause, the Supreme Court has explained that "'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another person."

*Johnson v. United States*, 559 U.S. 133, 140 (2010) ("*Johnson I*"). *Johnson I*, however, concerned the degree of force necessary for misdemeanor battery under Florida law, which did not require resistance or even physical aversion on the part of the victim. Rather, the "slightest offensive touching" would qualify. *Id.* at 139. In *Stokeling v. United States*, 139 S. Ct. 544 (2019), the Supreme Court addressed the degree of force required for a robbery conviction to qualify as an ACCA predicate. There, the Court reaffirmed the holding in *Johnson I* but clarified that the degree of force required by the elements clause of the ACCA, as applied to robbery statutes, was that force sufficient "to overcome the victim's resistance." *Id.* at 550.

Although *Stokeling* addressed the offense of robbery, the Sixth Circuit has applied it to the analysis of whether other crimes involve the requisite degree of force needed to qualify as an ACCA predicate offense.

## III.    ANALYSIS

In light of *Johnson*, the court must determine whether at least three of Buffar's prior state court convictions qualify as crimes of violence under the ACCA's use-of-force clause or enumerated-offense clause.

### A.    Aggravated Assault

The government introduced both an Indictment and a Judgment to show that Buffar was charged with and convicted of Tennessee aggravated assault in 2000, in violation of Tenn. Code Ann. § 39-13-102 (1998). (Doc. Nos. 11-1, 11-2.) The statute in effect at that time had several subsections, distinguishing among (1) an intentional or knowing assault that (a) causes serious bodily injury (subsection (a)(1)(A)) or (b) involves the use or display of a deadly weapon (subsection (a)(1)(B)); (2) a reckless assault that (a) causes serious bodily injury (subsection (a)(2)(A)) or (b) involves the use or display of a deadly weapon (subsection (a)(2)(B)); (3) the intentional or knowing failure to protect from aggravated assault a child or adult of whom the

defendant is the parent or custodian (subsection (b)); and (4) the intentional or knowing assault or attempted assault on a person after having been enjoined by a restraining order from committing or attempting to commit an assault against that person (subsection (c)).

The Sixth Circuit has held that this statute is divisible and, therefore, that the modified categorical approach is applicable. *Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (citing *United States v. Cooper*, 739 F.3d 873, 880 (6th Cir. 2014)) (both analyzing the same 1998 version of the statute at issue here). Likewise, the Sixth Circuit has held that a conviction under subsection (a)(1)(B), which criminalized "[i]ntentionally or knowingly commit[ting] an assault" while "us[ing] or display[ing] a deadly weapon," Tenn. Code Ann. § 39-13-102(a)(1)(B), qualifies as a crime of violence under the ACCA's use-of-force clause. *Braden*, 817 F.3d at 933.

The Indictment for this charge alleged that Buffar "intentionally or knowingly did cause bodily injury to Cleo M. Williams by the use or display of a deadly weapon, to wit: a gun." (Doc. No. 11-1.) Buffar pleaded guilty to this charge. (Doc. No. 11-2.) Thus, the conviction fell under Tenn. Code Ann. § 39-13-102(a)(1)(B) and, under *Braden*, constitutes a violent felony under the ACCA's use-of-force clause.

**B.      Voluntary Manslaughter**

In July 1991, Buffar pleaded guilty to voluntary manslaughter, after having been charged with first degree murder. The date of the offense identified in the Judgment is July 10, 1990. (Doc. No. 11-3.) At the time of both the offense and the conviction, Tennessee law defined voluntary manslaughter as "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a) (1990).

The Sixth Circuit has specifically recognized that voluntary manslaughter, thus defined,

qualifies as a violent felony under the use-of-force clause of the ACCA:

> In Tennessee, voluntary manslaughter is "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). The "state of passion" element distinguishes voluntary manslaughter from second-degree murder. . . . [T]he Tennessee voluntary-manslaughter statute requires proof that the defendant knowingly killed another in circumstances that would otherwise be second-degree murder, and thus necessarily is an offense that has the use of physical force as an element. Reasonable jurists therefore would not debate the district court's conclusion that Walls's voluntary-manslaughter conviction is a predicate ACCA violent felony under the "use of force" clause and, as a consequence, that he is not entitled to relief from his sentence under *Johnson*.

*Walls v. United States*, No. 17-5354, 2017 WL 4770923, at *2 (6th Cir. Aug. 24, 2017) (denying the movant's application for a certificate of appealability).

Because voluntary manslaughter qualifies as a violent felony under the ACCA's use-of-force clause, *Johnson* provides no relief with respect to this conviction.

### C. Assault with Intent to Commit Murder

Buffar was convicted of assault with intent to commit first degree murder in 1970 and assault with intent to commit murder with bodily injury in 1986.

#### 1. The 1970 Conviction

The government has introduced an Indictment showing that Buffar was charged in 1969 with

> unlawfully, wilfully, feloniously, maliciously, deliberately and premeditatedly [assaulting an individual] with a pistol, with the felonious intent, then and there, to unlawfully, wilfully, feloniously, maliciously, deliberately and premeditatedly kill and murder [said individual], and to commit the crime of Murder in the First Degree.

(Doc. No. 11-4.) The defendant does not dispute that he was convicted of this offense in 1970.

The statute in effect at the time stated:

> Whoever shall feloniously and with malice aforethought assault any person, with intent to commit murder in the first degree, or shall administer or attempt to give

any poison or potion for that purpose, though death shall not ensue, shall, on conviction, be imprisoned in the penitentiary for not less than three (3) nor more than twenty-one (21) years.

Tenn. Code Ann. § 39-604 (1955).

Citing *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), Buffar argues that assault with intent to commit first degree murder only qualifies as a crime of violence under the residual clause, because an attempt to administer poison, the least forceful means of violating the statute, does not necessarily require force or violence. In *Jones*, which predated *Johnson*, the Sixth Circuit held that a violation of § 39-2-103(a) qualified as an ACCA predicate offense under the residual clause, without addressing whether it also qualified under the use-of-force clause:

> This statute does not necessarily require use of physical force, because it includes poisoning, which need not involve direct physical contact or force. We need not decide the issue because even if Defendant's conviction did not fit the use of physical force provision, it fits within the residual provision.

*Jones*, 673 F.3d at 506.

The Sixth Circuit has now addressed the question it skirted in *Jones*. In *Banks v. United States*, No. 18-5510, 2019 WL 2149658 (6th Cir. May 15, 2019), the court held, first, following a lengthy examination of the historical treatment of the statute by the Tennessee courts, that the offense is divisible, meaning that courts can apply the modified categorical approach to determine whether it was committed in a particular case by assault or, instead, by poisoning or attempted poisoning. *Id.* at *3–5. Second, the court held that the assault version of the offense satisfies the ACCA's use-of-force clause. *Id.* at *5–7 (citing *Stokeling*, 139 S. Ct. at 553).

*Banks* necessarily means that Buffar's underlying conviction qualifies as a crime of violence. The government has introduced the Indictment charging Buffar with this crime. Because the statute is divisible, consideration of the Indictment is permitted to determine which version of the crime was charged in this case. *Mathis*, 136 S. Ct. at 2249. The Indictment, as

quoted above, clearly charges Buffar with the assault version of the offense.

Under clear Sixth Circuit precedent, the 1970 conviction qualifies as an ACCA crime of violence under the use-of-force clause.

### 2. *The 1986 Conviction*

Buffar has the requisite three prior violent felony convictions, but, in light of the age of the 1970 conviction, the court will also consider the 1986 conviction. As set forth below, it, too, constitutes a violent felony.

The government has not introduced the Indictment and instead has produced the 1986 Judgment showing that Buffar pleaded guilty to the charge of "assault with intent to commit murder with bodily injury" in September 1986. (Doc. No. 11-5.) The Judgment shows that the crime was classified as a "Class X" felony and that Buffar was sentenced to a ten-year prison term.

The Judgment does not reference under which statute Buffar was convicted, but the parties appear to agree that he was charged under Tenn. Code Ann. § 39-2-103 ( "Assault with intent to murder"). At the time of Buffar's conviction, that provision stated:

> (a) Whoever shall feloniously and with malice aforethought assault any person, with intent to commit murder in the first degree, or shall administer or attempt to give any poison for that purpose, though death shall not ensue, shall, on conviction, be imprisoned in the state penitentiary for not less than five (5) nor more than twenty-five (25) years.
>
> (b) If bodily injury to the victim occurs as a result of such an assault in violation of subsection (a), the punishment shall be a determinate sentence of confinement in the state penitentiary for life or for a period of no less than five (5) years.
>
> (c) In the case of bodily injury to the victim, the offense defined in subsection (b) of this section is a Class X felony.

Tenn. Code Ann. § 39-2-103 (1982) (repealed by 1989 Tenn. Pub. Acts 1169 § 1).

Again citing *Jones*, 673 F.3d 497 (6th Cir. 2012), Buffar argues that the crime defined by

§ 39-2-103 only qualifies as a crime of violence under the residual clause, because an attempt to administer poison, the least forceful means of violating the statute, does not necessarily require force or violence. (Doc. No. 3, at 5.) As set forth above, however, the statute is divisible, and Buffar was clearly charged with violating subsection (b), for an assault with intent to murder that actually caused bodily injury.

Even if the court assumes that the "assault" referenced in subsection (b) would encompass the administration of poison that actually causes bodily injury, this version of the crime, too, constitutes a violent felony under the use-of-force clause of the ACCA. This conclusion is guided, first, by the Sixth Circuit's determination in *United States v. Verwiebe*, 874 F.3d 258, 261 (6th Cir. 2017), that any assault resulting in a serious bodily injury categorically qualifies as a crime of violence under the career offender sentencing guideline, U.S.S.G. § 4B1.2(a). *See id.* at 261 ("How would it be possible to suffer serious bodily injury without force capable of producing such injury? Our precedent says as much, holding that crimes requiring proof of serious physical injury necessarily require proof of violent physical force." (citing *United States v. Anderson*, 695 F.3d 390, 401 (6th Cir. 2012)).

Admittedly, the injury required by § § 39-2-103(b) is not "serious." *See United States v. Castleman*, 572 U.S. 157, 170 (2014) (noting that, under Tennessee law, "bodily injury" is broadly defined to include "a cut, abrasion, bruise, burn or disfigurement; physical pain or temporary illness or impairment of the function of a bodily member, organ, or mental faculty" (quoting Tenn. Code Ann. § 39-11-106(a)(2) (1997)). In *Castleman*, Justice Scalia's concurrence suggested that these forms of injury necessitate violent force, a question the majority did not reach. *See id.*

*Castleman*'s majority opinion is nonetheless instructive. There, the defendant was indicted for possession of a firearm by a person previously convicted of a "misdemeanor crime

of domestic violence," in violation of 18 U.S.C. § 922(g)(9). The defendant argued that his previous conviction for causing bodily injury to the mother of his child did not involve the use of "physical force" as required by the federal statute's definition of a "misdemeanor crime of domestic violence," under 18 U.S.C. § 921(a)(33)(A)(ii). The district court dismissed the charge based on its conclusion "that one can cause bodily injury without the use of physical force—for example, by deceiving [the victim] into drinking a poisoned beverage, without making contact of any kind." 571 U.S. at 170 (internal quotation marks omitted). The Supreme Court rejected the district court's reasoning:

> The "use of force" in Castleman's example is not the act of "sprinkl[ing]" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim.

*Id.* at 171. That is, the inquiry as to "force," for federal law purposes, focuses on the causation of a consequence, rather than the physical act of initiating an action that leads to a consequence. Thus, the Court concluded that "the knowing or intentional causation of bodily injury necessarily involves the use of physical force." *Id.* at 169.

Relying on *Castleman*, a number of courts have held that an assault, even if by poison, that causes bodily injury qualifies as a violent felony for purposes of the ACCA. *See, e.g.*, *Villanueva v. United States*, 893 F.3d 123, 129 (2d Cir. 2018) ("Under the reasoning of *Castleman*, the use of a 'substance'. . . constitutes use of physical force, for federal law purposes, because the relevant force is the impact of the substance on the victim, not the impact of the user on the substance."); *Hylor v. United States*, 896 F.3d 1219, 1223 (11th Cir. 2018) ("[E]ven poisoning is a violent felony under the elements clause. Poisoning someone is a physical, as opposed to an 'intellectual' or 'emotional,' use of force because it involves force 'exerted by and

through concrete bodies.' And administering poison to kill someone is an intentional act that is 'capable of causing physical pain or injury.'" (quoting *Curtis Johnson v. United States*, 559 U.S. 133, 138 (2010); other internal citations omitted)), *cert. denied*, 139 S. Ct. 1375 (2019).

In sum, the court finds that the Judgment establishes that Buffar was convicted of the "assault" version of the statute, actually causing bodily injury, which categorically qualifies as a crime of violence under *Banks, supra*. Even assuming, hypothetically, that he perpetrated the assault by means of administering poison, thus causing bodily injury, this version of the offense would also qualify as a violent felony under the use-of-force clause of the ACCA.

## III.  CONCLUSION

Because Buffar had at least three previous convictions that qualified, and still qualify, as violent felonies under the use-of-force clause, he was appropriately sentenced under the ACCA. His Motion to Vacate will be denied without a hearing.

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal of the denial of a § 2255 motion may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing § 2255 Proceedings requires that a district court issue or deny a COA when it enters a final order. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the court finds that Beach's claims do not warrant further attention, the court will deny a COA.

An appropriate Order is filed herewith.

ENTER this 3rd day of July 2019.

_____
ALETA A. TRAUGER
United States District Judge